[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10121

_____

D.C. Docket No. 1:13-cr-20555-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAZARO RIVERO,
a.k.a. Carlos Fegueroa,
a.k.a. Alberto Garcia,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2015)

Before MARTIN and FAY, Circuit Judges, and GOLDBERG,[*] Judge.

_____

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge,
sitting by designation.

PER CURIAM:

In November 2012, law enforcement officers observed Lazaro Rivero participating in a hand-to-hand narcotics transaction in front of his house.  They searched his residence and found an unloaded pistol, 247 grams of marijuana, 42 grams of cocaine, and 8 grams of free-base cocaine.  Rivero admitted that the drugs and the gun were his.  He later pleaded guilty, pursuant to an agreement with the government, to possession with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 841(a)(1).

Over Rivero's objection, the district court found that he qualified as a Career Offender for the purposes of a sentencing enhancement under United States Sentencing Guidelines § 4B1.1 based on six prior convictions for controlled substance offenses.  Each of those six convictions was for the possession of cocaine with the intent to sell, manufacture, or deliver in violation of Fla. Stat. § 893.13(1)(a)(1).  Because of this enhancement, Rivero's advisory Guidelines range was 188 to 235 months.[1]

Although the government requested a sentence at the bottom of the advisory Guidelines range, the district court observed that Rivero had been involved in 36 separate instances of criminal conduct and had more adult criminal convictions than necessary to reach the highest possible criminal history level.  Based on this,

---

[1]   If Rivero had not been designated a Career Offender, his advisory Guidelines range would have been 51 to 63 months.

and after stating that it had considered the Guidelines and the 18 U.S.C. § 3553

factors, the district court found that even with the Career Offender enhancement,

the Guidelines range underrepresented Rivero's criminal history.  It therefore

imposed an upward variance to 360-months imprisonment.

On appeal, Rivero argues that the district court erred in finding that he

qualified as a Career Offender under the Sentencing Guidelines.  He also argues

that his sentence was procedurally and substantively unreasonable.  Finding no

reversible error, we affirm.

I.

We first address Rivero's challenge to his designation as a Career Offender.

USSG § 4B1.1 provides that:

> [a] defendant is a Career Offender if (1) the defendant was at least
> eighteen years old at the time the defendant committed the instant
> offense of conviction; (2) the instant offense of conviction is a felony
> that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a
> crime of violence or a controlled substance offense.

Rivero does not dispute that he meets the first and second prongs of § 4B1.1.

Instead, he argues that the District Court erred in finding that his six prior

convictions for the possession of cocaine with the intent to sell, manufacture, or

deliver, in violation of Fla. Stat. § 893.13(1)(a)(1), are controlled substance

offenses.  Specifically, he argues that a conviction only qualifies as a controlled

substance offense if it required the defendant to know the illicit nature of the

3

substance involved.  Because of a 2002 amendment to the Florida statute, only one of Rivero's convictions was obtained under a statutory scheme that required such knowledge.

This argument is foreclosed by this Court's recent holding in United States v. Smith, 775 F.3d 1262 (11th Cir. 2014).  In that case, we observed that knowledge of the illicit nature of the substance is neither explicitly nor implicitly included in the definition of controlled substance offense.  Id. at 1267.  Instead, the Guidelines simply define a controlled substance offense as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).  Thus, we held that under the unambiguous language of the Guidelines, a conviction under Fla. Stat. § 893.13(1)(a)(1) qualified as a controlled substance offense, regardless of the Florida statute's mens rea requirements.  Id. at 1268.

## II.

We next address Rivero's challenges to the procedural and substantive reasonableness of his sentence.  First, he argues that his sentence is procedurally unreasonable because the district court varied upward based solely on his prior criminal conduct and because the district court did not adequately explain its

reason for imposing a major variance.  Second, he argues that his sentence is substantively unreasonable because of the magnitude of the district court's upward variance.  He notes that his sentence of 360-months imprisonment—the statutory maximum for his offense—is six times the non-Career Offender advisory Guidelines range, twice the bottom of the Career Offender range, and 50% more than the top of the Career Offender range.

Our review of the reasonableness of a sentence is a two-step process.  First, we ensure that the district court committed no "significant procedural error." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence."  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam) (citing Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).

Second, we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard.  United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008); see also United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (emphasizing the "institutional advantage" of a district court in determining a sentence (quotation omitted)).  A sentence is substantively

5

unreasonable if the district court "has weighed the [§ 3553] factors in a manner that demonstrably yields an unreasonable sentence" and "we are left with a definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation omitted). We have recognized that in imposing a sentence, the district court is "permitted to attach great weight to one factor over others." Shaw, 560 F.3d at 1237 (quotation omitted).

Although we may presume that a sentence within the Guidelines range is reasonable, we may not presume that a sentence outside the Guidelines range is unreasonable. United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc). If, as here, a district court chooses to vary upward from the Guidelines range, it must state its reasons for that variance. See Rita v. United States, 551 U.S. 338, 356–58, 127 S. Ct. 2456, 2468–69 (2007).

To begin, we find no significant procedural error here. Before imposing a sentence, the district court stated that it had considered the Guidelines range and the § 3553 factors. It made clear that the upward variance was based on Rivero's prior criminal conduct, and also expressly found that the nature and circumstances of the offense, Rivero's history and characteristics, and the need to promote deterrence and respect for the law all weighed in favor of a longer sentence.

6

Contrary to Rivero's argument that the district court impermissibly "double counted" his criminal history by imposing both an enhancement and an upward variance based on prior criminal conduct, district courts are permitted to rely on the same factors in imposing a variance that they have already considered in determining a defendant's advisory Guidelines range. United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).

Neither are we left with a "definite and firm conviction" that Rivero's sentence is substantively unreasonable given our deferential standard of review. Pugh, 515 F.3d at 1191. As the district court pointed out, although the circumstances of his current offense are unremarkable, Rivero has a lengthy criminal history. His Presentence Investigation Report reflects an almost uninterrupted string of arrests and convictions over the past three decades, including convictions for controlled substance offenses, theft, armed robbery, and battery on a law enforcement officer. Thus, the district court was entitled to find that his case fell outside the "heartland" of cases covered by the Guidelines. Irey, 612 F.3d at 1202; see also United States v. Early, 686 F.3d 1219, 1222 (11th Cir. 2012) (affirming an upward variance to 210-months imprisonment where the variance was based in part on prior criminal conduct and stating that "[t]he upward variance is also supported by [the defendant-appellant's] disrespect for the law reflected in his recidivism; the need for deterrence; the need to protect society from

7

him; and, the need to promote respect for the law"); Shaw, 560 F.3d at 1239–40

(affirming an upward variance to 120-months imprisonment based primarily on

prior criminal conduct, where the sentence represented an approximately 225%

upward variance from the maximum Guidelines sentence); United States v. Turner,

626 F.3d 566, 574 (11th Cir. 2010) (per curiam) (affirming an upward variance to

300-months imprisonment where the variance was based in part on prior criminal

conduct); United States v. Sanchez, 586 F.3d 918, 934–36 (11th Cir. 2009)

(affirming an upward departure and an upward variance to 200-months

imprisonment where both the departure and variance were based on prior criminal

conduct).  Rivero has not shown that his sentence was unreasonable.[2]

---

[2] The dissent takes issue with the upward variance made by the sentencing judge in imposing Rivero's sentence of 360 months of incarceration, the statutory maximum.  She refers to "cursory references to the § 3553 factors."  We disagree.  In our opinion, the district judge explained in great detail why he felt compelled to impose the 30-year sentence.  Part of that explanation included the following from Rivero's sentencing:

> THE COURT: Well, of course, we're supposed to, we are to consider the 3553 factors including the nature and circumstances of the instant offense, the history and characteristics of the defendant, the need to promote deterrence and promote respect for the law.
> He falls on all four of those considerations, and as I think has been made clear from the record, he came to the United States in 1980, illegally, I should say, to the United States, around the time of the Mariel Boatlift and since becoming a guest in our country, he has just engaged in a continued pattern of lawlessness and lack of respect for law, starting at age 23 with loitering and prowling.  I won't go into the narrative of that.  At age 24, in 1981, with trespass.  At age 24, with loitering and prowling.  Let's see on that page, on those three entries, he was found guilty, given 23 days credit time served.  He pled guilty, got six months probation, and third one he got 24 days credit for time served.  He was found guilty.
> Age 24, he was a charged with grand theft.  He was given three years probation, 85 days credit for time served.  Let's see.

He was charged with petty theft at age 24, got credit for time served, found guilty.  Age 24, he was charged with giving false information, found guilty, given credit for time served.  Age 24, he was charged with robbery with a firearm and battery on a law enforcement officer.

At age 37, he was charged with cocaine sale and delivery, contributing to the delinquency of a minor.  He ple[]d guilty to all counts, given 270 days credit time served.  Age 37, started loitering, obstruction by disguise, found guilty, given credit time served.

At age 38, in 1995, he was charged with loitering, found guilty, given community service.  At 38 he was charged with marijuana possession, found guilty, given 70 hours of community service.  You age 38 he was charged with sale, possession or delivery of cocaine.  He pled no contest.  He was given 364 days in jail with credit for time served.  Age 38, marijuana possession, found guilty, fine $105.

Age 40, cocaine possession, sale or delivery; petty theft, drug paraphernalia, use, possession of marijuana.  He pled guilty to all counts, given 18 months with 502 days credit for time served.

At age 47, in 2004, he was charged with drug paraphernalia possession, cocaine possession, sale or delivery.  He pled guilty to both counts, 366 days, 219 days credit time served.  Age 47, possession, sale or delivery of cocaine, resisting [in] an arrest without violence, and he was given 364 days in jail.

In 2005, he was charged at age 48 with a possession of cocaine, pled guilty, three years in jail.

In 2006, age 48, cocaine possession, sale or delivery, 389 days, concurrent with the earlier case.

In 2009, age 52, cocaine possession, pled guilty, two days in jail.  Age 52, marijuana possession, guilty, fine $378.  Age 52,  possession, sale or delivery of cocaine and alprazolam, marijuana possession, 366 days in jail.  Age 52, marijuana possession; cocaine, sale, possession or delivery, 366 days concurrent with the earlier sentence.

These are other criminal conduct at Paragraph 45 of the PSI, possession of Quaaludes nol-prossed.  Age 24, grand theft, no-actioned.  Age 24, resisting arrest without violence, possession of Quaaludes, no-actioned.  At Age 24, burglary, no-actioned.

At age 36, possession of controlled substance.  It was dismissed.  Age 36, possession of controlled substance, dismissed.

Age 37, controlled substance, possession, dismissed.  At age 37, possession of controlled substance, possession with intent to distribute, dismissed.  Age 37, armed robbery, kidnapping, all counts nol-prossed.

Age 40, battery, nol-prossed.  Age 40, cocaine possession, sale or delivery, contributing to the delinquency of a minor, both counts no actioned.

Age 52, cocaine possession, no-actioned.  Age 55, cocaine possession, sale or delivery.  There was a scheduled trial date on that; and age 55, trafficking, cocaine trafficking, armed, cocaine possession, delivery, tampering with

9

**AFFIRMED.**

-------

evidence, possession of  drug paraphernalia and that gave rise to the instant offense.

So, you know, *there's an overwhelming, abundant evidence of the defendant's lawlessness for his 33 years in the United States resulting in a serious underrepresentation  of his criminal history on those guideline calculations.*

Anything further?

The Court has considered the statements of all parties, the Presentence Report which contains the advisory guidelines and the statutory factors as set forth in Title 18, United States Code, Section 3553(a).  *The Court will impose a sentence above the otherwise applicable advisory guideline range as it insufficiently represents his criminal history.*

Sentencing Tr. 17-21, Jan. 9, 2014, ECF. No. 89 (emphasis added).

Rivero is a professional drug dealer.  He has engaged in the illegal drug business most of his adult life.  He has demonstrated a firm conviction to continue in such activity in spite of anything the courts do to him.  Under the law, the sentencing judge was fully justified in imposing the maximum sentence set forth in the statute.

MARTIN, Circuit Judge, Dissenting.

I respectfully dissent from the majority's conclusion that Mr. Rivero's sentence was substantively reasonable. Mr. Rivero's 30-year sentence is simply too long to be a just sentence for the crime he committed. It is nearly fifteen years more than the sentence the government agreed was appropriate for Mr. Rivero, and ten years more than the top of his Sentencing Guidelines range. I believe that this above-Guidelines sentence is "greater than necessary" when a within-Guidelines sentence would have kept Mr. Rivero, who is fifty-six years old, incarcerated until at least his early seventies. See 18 U.S.C. § 3553(a).

Yet in light of the District Court's cursory references to the § 3553 factors and correct calculation of the advisory Guidelines range, this major upward variance will not be disturbed under our Court's precedent.[1] See, e.g., United States v. Overstreet, 713 F.3d 627, 631, 639 (11th Cir. 2013) (affirming a 420-month sentence where the advisory Guidelines range was 180–188 months); United States v. Brown, 772 F.3d 1262, 1267–68 (11th Cir. 2014) (per curiam) (affirming a 240-month sentence where the advisory Guidelines range was 78–97 months); United States v. Early, 686 F.3d 1219, 1223 (11th Cir. 2012) (affirming a 210-month sentence where the advisory Guidelines range was 78–97 months);

---

[1] Although the District Court stated that Mr. Rivero "falls" on all of the § 3553 factors, there was no discussion at the sentencing hearing about the nature of the offense for which Mr. Rivero was sentenced. In addition, in addressing Mr. Rivero's characteristics, the District Court described only Mr. Rivero's prior criminal history and the fact that he entered the United States illegally around the time of the Mariel Boatlift.

United States v. Shaw, 560 F.3d 1230, 1239–41 (11th Cir. 2009) (affirming a 120-month sentence where the advisory Guidelines range was 30–37 months); United States v. Amedeo, 487 F.3d 823, 827–28, 834 (11th Cir. 2007) (affirming a 120-month sentence where the advisory Guidelines range was 37–46 months).

I do not take issue with the principle that district courts have an "institutional advantage" in determining an appropriate sentence. See Shaw, 560 F.3d at 1238 (quotation omitted). But as I have observed in other cases, our deference to this institutional advantage does not seem to be consistently applied. See Early, 686 F.3d at 1223–24 (Martin, J., concurring). Although we have warned that we will only rarely find a sentence substantively unreasonable, United States v. McQueen, 727 F.3d 1144, 1156 (11th Cir. 2013), we have found sentences to be unduly lenient, and therefore substantively unreasonable, on a regular basis since the Supreme Court struck down the mandatory application of the Sentencing Guidelines in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Hayes, 762 F.3d 1300, 1310–11 (11th Cir. 2014) (holding that a sentence of three-years probation was substantively unreasonable); McQueen, 727 F.3d at 1156–61 (holding that sentences that were substantially below the advisory Guidelines range were substantively unreasonable); United States v. Kuhlman, 711 F.3d 1321, 1328–29 (11th Cir. 2013) (holding that a sentence of probation was substantively unreasonable because "[w]e [were] hard-pressed to see how a non-

12

custodial sentence serve[d] the goal of general deterrence"); United States v. Jayyousi, 657 F.3d 1085, 1116 (11th Cir. 2011) (holding that a 208-month sentence, which represented a downward variance of 42%, was substantively unreasonable); United States v. Irey, 612 F.3d 1160, 1222 (11th Cir. 2010) (en banc) (holding that a 17.5-year sentence was substantively unreasonable because "nothing less" than the statutory-maximum sentence would serve the purposes of § 3553); United States v. Livesay, 587 F.3d 1274, 1278–79 (11th Cir. 2009) (holding that a sentence of 5-years probation was substantively unreasonable because only a "meaningful period of incarceration" would serve the purposes of § 3553); United States v. Pugh, 515 F.3d 1179, 1192–1204 (11th Cir. 2008) (holding that a sentence of 5-years probation was substantively unreasonable); United States v. Martin, 455 F.3d 1227, 1238–39 (11th Cir. 2006) (holding that a 7-day sentence was substantively unreasonable because it was "shockingly short" and "wildly disproportionate" to the seriousness of the offense); United States v. Crisp, 454 F.3d 1285, 1290–92 (11th Cir. 2006) (holding that a sentence of 5-hours imprisonment was substantively unreasonable).

But during the same time period since Booker, I am aware of no published opinion in which we have held that an above-Guidelines sentence was

13

substantively unreasonable.  This has not been for lack of opportunity.[2]  See

Overstreet, 713 F.3d at 639–40 (collecting cases in which we have affirmed major

upward variances).

Our clear Circuit precedent requires that significant deviations from the

advisory Guidelines be supported by compelling justifications.  Irey, 612 F.3d at

1186–87 (citing Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597

(2007)).  By any measure, Mr. Rivero's 30-year sentence is "unusually harsh" and

therefore demands a "significant justification."  Gall, 552 U.S. at 46, 50, 128 S. Ct.

at 594, 597.  The few words spoken by the District Court to justify the harsh

sentence here would surely not be sufficient to protect an exceedingly lenient

sentence in this Circuit—no matter how well chosen were those words.

_____

[2] Our Court's refusal to subject above-Guidelines sentences to meaningful review also makes us an outlier among the circuits.  See, e.g., United States v. Howard, 773 F.3d 519, 522, 536 (4th Cir. 2014) (holding that a sentence of life imprisonment plus 60 months was "greater than necessary" (quoting § 3553(a)); United States v. Payton, 754 F.3d 375, 376–77 (6th Cir. 2014) (holding that an above-Guidelines sentence of 45-years imprisonment was substantively unreasonable); United States v. Chandler, 732 F.3d 434, 440 (5th Cir. 2013) (holding that an above-Guidelines sentence of 420-months imprisonment was substantively unreasonable); United States v. Gerezano-Rosales, 692 F.3d 393, 402 (5th Cir. 2012) (holding that an above-Guidelines sentence of 108-months imprisonment was substantively unreasonable); United States v. Lente, 647 F.3d 1021, 1033, 1038 (10th Cir. 2011) (vacating an above-Guidelines sentence of 192-months imprisonment and stating that "the district court's failure to address this significant, material, and non-frivolous argument prevents us from conducting meaningful appellate review of the substantive reasonableness of the sentence"); United States v. Dorvee, 616 F.3d 174, 176 (2d Cir. 2010) (holding that a statutory maximum sentence of 240-months imprisonment was substantively unreasonable); United States v. Miller, 594 F.3d 172, 175 (3d Cir. 2010) (holding that a condition of supervised release was overly restrictive and therefore substantively unreasonable); United States v. Russell, 600 F.3d 631, 638 (D.C. Cir. 2010) (holding that a condition of supervised release was overly restrictive and therefore substantively unreasonable); United States v. Amezcua-Vasquez, 567 F.3d 1050, 1056–58 (9th Cir. 2009) (holding that a within-Guidelines sentence of 52-months imprisonment was substantively unreasonable).

The District Court justified its decision to nearly double the sentence recommended by the government solely by referencing Mr. Rivero's criminal history. Sentencing Tr. 21, Jan. 9, 2014, ECF No. 89 ("The Court will impose a sentence above the otherwise applicable advisory Guideline range as it insufficiently represents his criminal history."). I find this explanation lacking. First, as the government pointed out in its sentencing memorandum to the District Judge, Mr. Rivero's prior convictions were already factored into his Guidelines range because he was designated a Career Offender. Cf. Martin, 455 F.3d at 1239 (vacating a sentence for being unreasonably lenient and stating "[w]hile the district court emphasized [the defendant's] lack of a criminal record and viewed his fraudulent conduct as an aberration in his otherwise outstanding life, [the defendant's] criminal history category of I already takes into account his lack of a criminal record." (quotation marks omitted)).

Second, while I certainly recognize that Mr. Rivero's criminal history is lengthy, the vast majority of his convictions were for controlled substance offenses. In this regard, his background is qualitatively different from other defendants for whom we have upheld above-Guidelines sentences on the basis of their long history of violent crimes. See, e.g., Early, 686 F.3d at 1221, 1223 (affirming an upward variance based in part on prior criminal conduct where defendant's criminal history included convictions for "attempted aggravated

battery, aggravated assault, battery on a law enforcement officer, kidnapping . . .

armed burglary of a dwelling (with a shotgun when the residents were home),

[and] armed robbery (while holding a hostage at gunpoint)"); United States v.

Turner, 626 F.3d 566, 574 (11th Cir. 2010) (affirming an upward variance because

the defendant "pose[d] a more dangerous threat to society than many child

pornography defendants given his history of actually abusing a small child and the

increased recidivism of child sexual abusers.").

Third, the District Court appears to have placed almost no weight on the

nature and circumstances of the crime for which Mr. Rivero was being

sentenced—a factor we have repeatedly emphasized as being of critical

importance.  See, e.g., McQueen, 727 F.3d at 1157 (vacating sentence as

substantively unreasonable and stating that the defendants were convicted of "a

particularly serious offense"); Irey, 612 F.3d at 1206 (vacating sentence as

unreasonably lenient and stating that "[b]ecause the punishment should fit the

crime, the more serious the criminal conduct is the greater the need for retribution

and the longer the sentence should be").

In this case, law enforcement officers first observed Mr. Rivero engaged in a

hand-to-hand narcotics transaction and then found narcotics and an unloaded

handgun in his house.  While this is no doubt a serious offense, the District Court

failed to identify any aspects of this crime that make it deserving of a sentence that

16

is a decade longer than the maximum sentence prescribed by the Sentencing Guidelines. Simply put, this is an extraordinary sentence for what seems to be an ordinary crime.

I cannot join the majority's approval of the District Court's unreasonable upward variance. I respectfully dissent.